NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICA GONZALEZ-GOMEZ, | No.    17-72903 |
| Petitioner, | Agency No. A208-935-834 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019[**]
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and R. COLLINS,[***] District
Judge.

America Gonzalez-Gomez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

from the Immigration Judge's ("IJ") decision denying her application for withholding of removal.[1]  We have jurisdiction to review the exhausted claims under 8 U.S.C. § 1252, and we deny Gonzalez-Gomez's petition for review of those claims.  We lack jurisdiction to review the unexhausted claim of collateral estoppel, and we dismiss that claim.

1.  Substantial evidence supports the BIA's determination that Gonzalez-Gomez failed to demonstrate an objectively reasonable fear of future persecution on account of her membership in the particular social group "lesbians in Guatemala with masculine appearance and sexual identities."[2]  Even assuming that Gonzalez-Gomez's mother and uncle harmed her when she was a child because of her sexual identity, neither lives in Guatemala today.  Gonzalez-Gomez also failed to show "a systematic 'pattern or practice' of persecution against the group to which [she] belongs" in Guatemala.  *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)(A)).  The record evidence shows that the Guatemalan government has made significant progress in recent years to

---

[1] The BIA also dismissed Gonzalez-Gomez's appeal from the IJ's denial of her application for asylum and protection under the Convention Against Torture. Gonzalez-Gomez does not challenge those rulings in her petition for review.
[2] Gonzalez-Gomez suggests that the agency erred by making this determination without considering the evidence she submitted with her motion to reopen. Because her briefs do not raise any challenge to the agency's denial of her motion to reopen, this argument has been waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (finding waiver on similar facts).

2

protect LGBTQ rights. *See id.* at 1061 (noting that a "pattern or practice may . . . be the work of private actors, so long as the persecution is sufficiently widespread and the government is unable or unwilling to control those actors").

2.   Substantial evidence also supports the BIA's determination that Gonzalez-Gomez failed to demonstrate a nexus between the harm she experienced and her membership in the particular social group "the Gonzalez-Gomez family." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from . . . random violence by gang members bears no nexus to a protected ground.").

3.   Gonzalez-Gomez argues that the IJ erred by disregarding findings made by a different immigration judge in removal proceedings involving her mother and sister, but she failed to exhaust this argument before the BIA. We therefore lack jurisdiction to consider it. 8 U.S.C. § 1252(d); *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1183 (9th Cir. 2001) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." (quoting *Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987))).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**